Good morning, Your Honors. I represent Mr. Morris on this claim for EGF fees. This is not a case that's new to this Court. We have a prior decision from this Court where they talk about whether the decision of the Administrative Law Judge was free of legal error. In particular, this Court went through the Administrative Law Judge's credibility findings and ruled that none of the ALJ's proffered reasons for discrediting Morris's testimony stands up for scrutiny. That's a very important phrase in this case, because in order to reject an individual's testimony where there's no evidence of exaggeration or malingering, the Administrative Law Judge must cite clear and convincing reasons to reject claimant's testimony. That is the most heightened standard in Social Security law. And in this particular case, this Court found none of them stood up to any scrutiny. And so based on that, Your Honor, we do not believe that it's reasonable to argue that the decision of the ALJ is free of procedural errors. The problem that I've got with that argument is that it seems to me to be collapsing the question of whether there was substantial justification for defending procedural error with the error itself, because otherwise our Court already found that the reasons were not clear and convincing. That's a given. It's not something to be re-argued or to have any greater effect than that, than to say that the question then is, was the government substantially justified in having defended those reasons? But just because we found that they were not clear and convincing evidence doesn't answer the attorney's fee question, does it? No. It doesn't answer the attorney's fee question, Your Honor. You do have to look at what the rationale of the ALJ was to see if there's substantial justification for the government to argue that that particular decision to be affirmed. And so ---- And in this case, it wasn't only the reasoning of the ALJ, but it was the reasoning of the district court. Yes. Well, you know ---- I mean, in fact, what you're suggesting is that on an abuse of discretion standard, that the reasoning of the ALJ, which was affirmed by the district court in whole, was not substantially justified for the government to defend it. I mean, that's the worry that I have. I mean, we got an ALJ who said something. The district court said, you're right. The government then appealed to us. We said, you're wrong. And now you're saying the government is not substantially justified when it already won one round and it had the ALJ giving reasons. It wasn't as if the ALJ gave no reasons. It was just that they were not reasons that we felt were clear and convincing. And you're saying then in that instance that the government was not substantially justified. Now, my worry is this is on an abuse of discretion. So you're saying the old DJ, who thought it was a pretty good argument, he was absolutely abusing his  discretion. And I can understand the difficulty one might have with that in the theory. But when we look at cases like Schaefer, that's exactly what happened in Schaefer. Well, it isn't exactly. Because in Schaefer, they said, there was a lack of reasoning. The reviewing court should not be forced to speculate as to the grounds for the adjudicator's objection. Now, in our case, we didn't have a lack of reasoning. All we had was that we found it wasn't clear and convincing evidence or clear and convincing statements to discredit. It wasn't like it was a lack. Well, this Court went beyond merely saying it's just not clear and convincing. This Court went to the point of saying that none of the reasons stand up to scrutiny. The problem that that's given the standard. I mean, the standard that they had to reach, if you're going to throw out the petitioner's testimony in a social security case, you've got to give clear and convincing reasons for doing that. And our Court said those weren't clear and  And that's exactly what happened in Schaefer and Corbin, where we were forced to speculate what they were thinking. Your Honor, one of the problems that we run into, and I do believe in Schaefer there was some, it was just very little. And I think we run into the same problem in this case, in that the judge said something, but none of the things that he said were supported by either substantial evidence of record or supported the ultimate conclusion that he reached. And so, you know, what we're going to come into is if we find that district court's ruling in favor of the defendant, and then a claimant's obligated to, if he intends on challenging it to go to this court, if we look at the district court's decision and said that's good enough, he won at that round, so you don't get EJIA, then there's going to be no EJIA fees for anybody who takes the claim up to the Ninth Circuit. In Schaefer, the district court upheld the credibility finding of the administrative law judge. There was something there for the district court to say, yes, it's here and we're deciding it and we're going to rely on that. And that is what happened here. It was here. In Schaefer, the court found it did not come close to the clear and convincing standard and that's what happened in this case as well. Let me ask you a question. In Schaefer and Corbin, which of those cases were remanded to the IJ to make further findings from the district court? Schaefer. Right. And that's quite a bit different than this particular case. I have a question about what we're reviewing. We're reviewing the decision of the district court, right? Yes. And what is our standard in reviewing his decision? Well, the standard in reviewing the district court's decision is an abuse of discretion standard. But to the district court, it's defendant's burden to prove substantial justification. Well, so we're reviewing what the district court, how the district court viewed the circumstances that the IJ and so forth had decided. So if we disagreed with the way the district court looked at those proceedings, that wouldn't necessarily be an abuse of discretion, wouldn't it? A mere disagreement, I would have to say no, that's not necessarily an abuse of discretion. But when a decision from this court that comes down and says you didn't even come close to this clear and convincing standard, that is substantial evidence that IJFEs should be awarded in this particular case. The other problem we run into, Your Honors, is that in this court, when the court reviewed Morris' claim, it stopped. Once it hit the credibility finding, it said, you know what, we don't need to go on. And so the claimant never got an opportunity to address those other issues that he raised on the appeal, specifically the failure to give way to the opinion of the treating physician. Now a claimant's got better than that because they just demanded that he get the benefit. Correct. And frankly, in my book, whether the claimant had sufficient testimony in that particular record was the real turn question. It was the big question. And they saw it as the big question and they said, we don't agree, so there's no reason to argue about the rest of the questions. But that doesn't mean necessarily that in that particular instance they agreed with the claimant about the rest or that they didn't agree. It just said they thought that was the big question and they decided it. They just, well, give the benefits. That's all they decided. And Mr. Morris has no qualms with the decision from this court, Your Honor. I hope you're not worried about that. I do not want to give you that kind of impression. What I'm trying to say is that if a court were to find that he's not substantially justified on the credibility finding, then what do we do? Do we get back into relitigating whether the administrative law judge's decision was substantially justified in weighing the physician's opinion? That was never decided by the Ninth Circuit Court. And then I also want to talk about the purpose of the statute. You know, this is an equal ‑‑ I'm trying to get my thoughts up, so you can just do so in one second. It's talking about equal access to justice. And this is a benefit to the claimant and he should not be precluded or hindered in being able to obtain the relief from this court. Thank you. Thank you, Mr. Slotkin. Good morning. Shea Bond on behalf of the Commissioner of Social Security. Your Honors are correct, the standard here is an abuse of discretion standard. It's a very highly deferential standard to the district court. Of course, it's our position that the district court did not abuse that discretion. I think that the case here that applies is the Hardesty case. This court should apply Hardesty in this situation. To the point that counsel was making that there were additional issues that were raised during the merits that weren't addressed, Hardesty specifically says that those issues do not figure into the substantial justification analysis. The only issue you'd look at is the credibility. I agree that you have to defend the procedural errors. On substantial justification, yes. It's our burden. To defend the procedural errors that the ALJ made. So on what basis do you defend the precise basis do you defend his failure to give clear and convincing reasons? Well, in this case, the ALJ actually went through a credibility analysis. So unlike other cases where on the merits that an ALJ's decision has been reversed for a poor credibility analysis, the ALJ actually went through and actually gave specific reasons. First of all, cited aspects of the claimant's testimony that she found to be less than credible, provided five different factors for finding the testimony incredible, and then cited two portions of the record. So under this court's standard, it must be specific reasons that are provided, supported by substantial evidence, clear and convincing reasons. I think here, because the ALJ actually went through a thorough analysis, albeit this court determined that ultimately it was not supported by substantial evidence. But the ALJ actually went through the analysis and did go through the effort to support that analysis with evidence in the record. Now, it's our position that new evil minds could differ as to the adequacy of that evidence and the reasons provided. And that's why this case is similar to Hardesty. In Hardesty, it was a credibility finding that was at issue. All three reasons that the ALJ had provided were found to be in error. However, this court, or the district court, and affirming the district court's finding of substantial justification, this court agreed that the ALJ had gone through the proper analysis and had supported her findings with some evidence in the record. And that provided a basis upon which reasonable minds could differ as to whether this was under the clear and convincing standard. How do you distinguish this case from Schaefer? Well, Your Honor, I would point out what you had said earlier. In Schaefer, the ALJ actually hadn't specified what areas of the claimant's testimony had been improper and then did not support the credibility, the negative credibility finding with evidence in the record. And here we have exactly the opposite. The ALJ actually went through that analysis. It didn't leave the question open as to what was the ALJ thinking. The ALJ just didn't make a blanket, I find this claimant not credible. Our ALJ actually went through a detailed analysis. Again, albeit this court didn't find it to be correct. Well, one could say the ALJ in this particular case gave facts but didn't really make a clear statement as to what those facts really had to do. I mean, one could suggest that. One could suggest that, but one could also, a reasonable mind could also suggest, and I would submit that one of the reasonable minds who felt the opposite was the Federal District Court judge. We, albeit this court found one way, that judge found another, reasonable minds could differ as to whether the level of specificity in the ALJ's decision met the standard. What about Corbin? Corbin, I would say the same thing. And there was a lack of specificity as to the credibility finding. I guess the big situation in this particular case, since I sat in hardesty also in that particular case, is that a reviewing court should not be forced to speculate as to the foundation of the claimant's allegations of disabling pain. Don't you think we're speculating on this particular ALJ finding? Well, again, without re-adjudicating the merits, because we didn't lose, but I think you can actually, a reasonable mind would differ as to what the logic of the ALJ was when you look at the five factors that she cited. And, for instance, there was conservative treatment for the fibromyalgia. There was a non-steroidal anti-inflammatory drug prescribed. Under this court's case law, conservative treatment prescribed and taken for a condition is demonstrative of a less serious symptoms, less than serious functional limitation. But if somebody had said all that, it would have been pretty clear. I know. But I think you can draw inferences from, and under this court's jurisprudence and Magellani's and others, you can draw reasonable inferences from the ALJ's decision. And the point for the ALJ is saying that, again, this is just one of the credibility factors, but this claimant was only taking this one pill a day. It's only a prescription strength like Advil to treat pain. You can reasonably conclude where the ALJ was going with this, that the pain wasn't as severe as the claimant had alleged. One more question that I have. I mean, I've got an abuse of discretion standard here, so I can see that a district judge may see it differently than I would see it, but that doesn't make him wrong. What I have to do is I have to suggest, did he apply the standard of review? Correct. However, in this particular matter, and in other matters similar to it, the DJ who's making this determination is the same DJ who was overturned. In other words, this DJ who has an abuse of discretion was overturned by our court, and now it's in front of him. Is there anything to be said about that consideration? Well, I think that would be assuming that the district court wouldn't be taking his justification. And I would also point out, I mean, I don't have evidence to support this for me right now, but with Judge Martone has awarded EJ fees in other cases where he proposed the fee and where he was actually reversed by this court on appeal. So he has in other instances awarded EJ fees in cases where he had found we were supported, but this court ultimately remanded. I expected you to say that's none of your business. Because, in effect, he has the decision in any event. He does. And, again, and that's what I was first saying, is that this would be assuming that he wouldn't be able to apply the proper standards. And, of course, we think that he did. Of course, would it not be some indication that it was reasonable for the government to have pursued it in that way when the district court was initially considering it and affirmed? Well, we agree that the fact that the district court judge had agreed with everything in the LJ's decision, finding it was supported by substantial evidence, met all of the court's legal standards, we argued that in our brief, that that is definitely an indication that the district court judge had not pursued it in that way. And we would essentially ask for this court to affirm, because there was no abuse of discretion. If there are no further questions? Anything else? No. Okay. Fine. Thank you very much. Thank you. And thank you both, counsel, for your argument in this case. And this matter will be submitted.
judges: Hug, Rymer, Smith N. R.